UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BENJAMIN PRESTON FOREMAN,

        Plaintiff,                          Case No. 1:16-cv-746

v.                                        Honorable Robert Holmes Bell

ADMINISTRATIVE OFFICE OF
THE COURTS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a federal prisoner filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388(1971), and the Federal Tort Claims Act, 28 U.S.C. § 1346. Plaintiff has paid the full filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Benjamin Preston Foreman presently is incarcerated at the Milan Federal Correctional Institution. He sues the Administrative Office of the United States Courts and United States Probation Officer Mark A. Trowbridge.

Plaintiff pleaded guilty in this Court on March 16, 2006, pursuant to a written plea agreement, to possession with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of firearms during and in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(I). On September 7, 2006, the Court sentenced Plaintiff to concurrent prison terms of 240 months on each of the first two counts and a consecutive term of 60 months on the third count. *See United States v. Foreman*, No. 1:06-cr-30 (W.D. Mich.) (ECF Nos. 29, 32.)

Plaintiff appealed his sentences to the Sixth Circuit, but his appeal was dismissed on September 6, 2007, because he had waived the right to appeal in his plea agreement. (*Id.*, ECF No. 42.) Plaintiff thereafter filed a motion under 28 U.S.C. § 2255, which was denied by this Court on July 19, 2010. *Foreman v. United States*, No. 1:08-cv-1115 (W.D. Mich. Jul. 19, 2010) (ECF Nos. 13-14.) Plaintiff then filed a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. On October 18, 2010, the Court denied the motion in part and transferred the remainder to the Sixth Circuit as a second or successive motion under § 2255. (*Id.*, ECF Nos. 21-22.) The court of appeals remanded the case for consideration of the claims. (*Id.*, ECF No. 30.) Upon consideration, this Court denied the remaining claims on August 14, 2012. (*Id.*, ECF No. 36.)

Plaintiff appealed. He thereafter filed a motion for relief from judgment under Rule 60(b) on November 26, 2012, which the Court denied on November 27, 2012. (*Id.*, ECF Nos. 42, 43.) He filed another notice of appeal and then filed a motion to amend his Rule 60(b) motion. (*Id.*, ECF Nos. 48, 45.) The Court denied his motion to amend the motion for relief from judgment on December 13, 2012. (*Id.*, ECF No. 47.) The Sixth Circuit denied a certificate of appealability in both pending cases on March 13, 2013 and July 26, 2013, respectively. (*Id.*, ECF Nos. 51-52.)

Undeterred, Plaintiff filed a motion to reopen the case on November 6, 2015, which he subsequently voluntarily dismissed. (*Id.*, ECF Nos. (54-55.) Having obtained counsel, he file a § 2255 motion to vacate the sentence on April 27, 2015. (*Id.*, ECF No. 56.) The Court transferred the motion to the Sixth Circuit because it amounted to a second or successive motion under § 2255. (*Id.*, ECF No. 67.) The court of appeals denied a certificate of appealability on July 8, 2016. (*Id.*, ECF No. 71.)

Having been unsuccessful in his many attempts to obtain relief from his convictions and/or sentences, Plaintiff has now filed the instant civil rights action. Plaintiff contends that Defendant Trowbridge was negligent in compiling the Pre-Sentence Investigation Report (PSIR) and in concluding that Plaintiff was a career offender under 28 U.S.C. § 994(h)(2). He asserts that one of the two predicate offenses used toward his career-offender designation was dismissed. Plaintiff argues that, as a result of Trowbridge's negligence, Plaintiff was sentenced to an extra ten years' imprisonment. Plaintiff also asserts that the Administrative Office of the United States Courts is liable for his excessive imprisonment under the Federal Tort Claims Act. Plaintiff seeks injunctive relief, in the form of an expunction of the PSIR, a determination that he is not a career

offender, and, presumably, earlier release from prison. He also seeks compensatory and punitive damages of $100 million.

## Discussion

I.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff challenges the length of his incarceration by the United States. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction*

*or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). The Sixth Circuit also has recognized that "*Heck* applies equally to actions brought under *Bivens*." *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998). Similarly, courts have recognized that the *Heck* bar applies to other civil actions challenging conduct that, if found unlawful, would render a conviction or sentence invalid. *See Paulus v. Light*, No. 96–2355, 1997 WL 461498, at *1 (6th Cir. Aug. 12, 1997) (holding that *Heck* applies equally to civil RICO claims); *Bradshaw v. Jayaraman*, No. 98–6710, 1999 WL 1206870, *2 (6th Cir. Dec. 9, 1999) (applying *Heck* to FTCA claims). Here, Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his *Bivens* and FTCA claims are barred under *Heck* until his criminal conviction has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which

relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

Moreover, even if his claims were not barred by the doctrine set forth in *Heck v. Humphrey*, Plaintiff could not proceed with a claim against the Administrative Office of the United States Courts under the FTCA. The FTCA provides the exclusive jurisdictional basis for tort claims against the United States. Before a party may bring such an action, however, the claim must first be submitted to the proper federal agency. 28 U.S.C. § 2675(a). The statute of limitations for these actions requires that the claim be "presented in writing to the appropriate Federal agency within two years after such claim accrues or . . . within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The administrative prerequisites of § 2675 are met if the claimant (1) gives the agency written notice of his claim that is sufficient to enable the agency to investigate and (2) places a value on his claim. *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981). Plaintiff does not even allege that he filed a claim with the agency, much less that he did so in a timely fashion. It is apparent on the face of the complaint that the statute of limitations for filing a claim under the FTCA expired long before Plaintiff filed this action.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: July 13, 2016                         /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE